20-399-cr
United States v. Ruffin

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-one.

PRESENT: AMALYA L. KEARSE,
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              No. 20-399-cr

EARNEST RUFFIN,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: MELISSA A. TUOHEY, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY

FOR APPELLEE: RAJIT S. DOSANJH, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Defendant-Appellant Earnest Ruffin appeals from a judgment of conviction entered by the District Court (McAvoy, J.) following a jury trial in which Ruffin was found guilty of possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court sentenced Ruffin principally to a sixty-three-month term of imprisonment to run

consecutively to the undischarged portion of Ruffin's fifteen-year state court sentence for conduct arising from the same incident. On appeal, Ruffin challenges the District Court's order denying his motion to suppress evidence, as well as the procedural reasonableness of his sentence. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

1. Motion to Suppress Evidence

We first consider the District Court's denial of Ruffin's motion to suppress evidence. We review the District Court's "factual findings for clear error, viewing the evidence in the light most favorable to the government." United States v. Worjloh, 546 F.3d 104, 108 (2d Cir. 2008). "The district court's legal conclusions are reviewed de novo." Id. Following Ruffin's arrest, police officers searched his bag on the scene and found two firearms and ammunition. The officers then brought the bag to the police barracks and conducted another search. Ruffin moved to suppress the firearms and ammunition, arguing that the search of his bag violated the Fourth Amendment.

We agree with the District Court that the firearms and ammunition found in Ruffin's bag would inevitably have been discovered as part of a valid inventory search of the bag conducted at the police barracks subsequent to Ruffin's lawful arrest.  See United States v. Mendez, 315 F.3d 132, 137–38 (2d Cir. 2002).  To properly invoke the inevitable discovery exception in the context of an inventory search, the Government must show that: (1) the police had legitimate custody over the property being searched; (2) the police conducted the inventory search pursuant to established procedures; and (3) the inventory procedures would have inevitably led to the discovery of the challenged evidence.  Id. at 138.

Ruffin argues that the New York State Police Manual, which sets out the criteria for conducting an inventory search, did not permit the police to take his bag to the barracks.  The manual, he points out, provides that officers may conduct an inventory only of the personal property "possessed" or "carried" by a person taken into custody.  Ruffin claims that he "neither possessed nor carried th[e] bag when he was taken into custody" and argues that the bag therefore could not permissibly have been the subject of an inventory search.  We disagree.  Ruffin's girlfriend, in the 911 call to which the officers were responding, said that

4

Ruffin had broken into her home, that he had a bag with him, and that Ruffin told her he had a gun in that bag. Trooper Conlon, the first officer to arrive, testified at the suppression hearing that Ruffin's girlfriend pointed out to him the bag Ruffin had been carrying. And Conlon testified that when he arrived, he saw Ruffin "relatively close up [to that bag]" before moving away. Given all of the information the officers had at the time of Ruffin's arrest, the District Court did not clearly err in finding that Ruffin possessed the bag at the time he was arrested, and that the police properly took custody of the bag and conducted an inventory search according to established procedures.

We therefore conclude that the firearms and ammunition were properly admitted under the inevitable discovery exception to the exclusionary rule.

### 2. Procedural Reasonableness

Ruffin also argues, and the Government agrees, that his 2019 state court conviction should not have been counted as a "prior sentence" for the purpose of determining his criminal history score because the state sentence was based in part on offense conduct that qualifies as "relevant conduct" under the Sentencing

Guidelines.[1]  We also agree.  Ruffin's 2019 state court conviction was based in part on the possession of one of the firearms found in the bag that the officers took, which qualifies as relevant conduct for Ruffin's federal offense of conviction.  We therefore vacate and remand for resentencing to correct the error in the calculation of Ruffin's Guidelines range.

Finally, Ruffin contends that the District Court erred in denying Ruffin's request for a concurrent term of imprisonment with custody credit under U.S.S.G. § 5G1.3(b).[2]  We review de novo a district court's determination as to which subsection of § 5G1.3 applies, and we review the decision to impose a concurrent or consecutive sentence for abuse of discretion.  See United States v.

---

[1] In the context of determining a defendant's criminal history category, Section 4A1.1 of the Guidelines provides that three points should be added "for each prior sentence of imprisonment exceeding one year and one month," U.S.S.G. § 4A1.1(a), and a "prior sentence" is defined as "any sentence previously imposed . . . for conduct not part of the instant offense," U.S.S.G. § 4A1.2.  "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3," U.S.S.G. § 4A1.2, cmt. n.1, and § 1B1.3 provides that relevant conduct includes "all acts and omissions . . . that occurred during the commission of the offense of conviction," U.S.S.G. § 1B1.3(a)(1)(A).

[2] Section 5G1.3(b) provides that a sentence shall be imposed to run concurrently to a "term of imprisonment [that] resulted from another offense that is relevant conduct to the instant offense of conviction."  U.S.S.G. § 5G1.3(b).  Section 5G1.3(d) provides that a sentence may be imposed to run concurrently or consecutively in "any other case involving an undischarged term of imprisonment."  U.S.S.G. § 5G1.3(d).

Brennan, 395 F.3d 59, 66 (2d Cir. 2005). The District Court did not err in imposing a sentence to run consecutively with Ruffin's fifteen-year term of imprisonment under § 5G1.3(d). Section 5G1.3(b) applies only in cases in which all of the prior offense is relevant conduct to the instant offense. See U.S.S.G. § 5G1.3, cmt. n.2. Ruffin was convicted of four charges in state court, only two of which were "relevant conduct." The District Court therefore did not abuse its discretion in ordering the sentences to run consecutively. Because we remand with respect to the calculation of Ruffin's criminal history score, however, at the resentencing the District Court is free to reconsider its imposition of a consecutive sentence.

We have considered Ruffin's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court